# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK KGaA, MERCK SERONO SA, and ARES TRADING SA,<br><br>Plaintiffs,<br><br>v.<br><br>HOPEWELL PHARMA VENTURES, INC., et al.,<br><br>Defendants. | C.A. No. 22-1365-GBW-CJB<br>**CONSOLIDATED** |

## ORDER

WHEREAS, on December 23, 2024, the Court entered an Order (D.I. 223), among other things, granting Hopewell's Emergency Motion to Stay the Case Pending Resolution of any Appeal of IPR2023-00480 and IPR2023-00481 (D.I. 196) and ordering the parties to file a joint status report within thirty (30) days of the conclusion of any appeal of IPR2023-00480 and IPR2023-00481 ("the IPR Appeals").

WHEREAS, sometime between the entry of its Order on December 23, 2024 (D.I. 223) and January 10, 2025, the Court received oral notice that the Apotex Defendants still wished to proceed with their invalidity defenses during the trial scheduled to begin on January 27, 2025, despite the PTAB's findings in IPR2023-00480 and IPR2023-00481 that claims 36, 38-39, and 41-46 of U.S. Patent No. 7,713,947 ("the '947 Patent") and claims 17, 19-20, and 22-27 of U.S. Patent No. 8,377,903 ("the '903 Patent") (collectively, "the Asserted Claims") are invalid.

WHEREAS, on January 10, 2025, the Court entered an ORAL ORDER (D.I. 232) as follows:

> *The Court understands that Plaintiffs have dismissed all claims of infringement asserted from the 919 patent against all defendants in Civil Action Nos. 23-1365,*

> *23-655, and 23-39. The Court also understands that all claims of the 947 patent and 903 patent which were asserted in Civil Actions Nos. 23-1365, 23-655, and 23-39 have been invalidated in IPR2023-00480 and/or IPR2023-00481 and are now on appeal ("the IPR Appeals"). Given that the Court granted Defendant Hopewell Pharma Ventures, Inc.'s motion to stay (see D.I. 223), and considering the overlap between Plaintiffs' actions against Defendant Hopewell Pharma Ventures, Inc. and Plaintiffs' actions against the other Defendants, unless good cause is shown, the Court will, for purposes of judicial efficiency, impose a global stay that includes Plaintiffs' actions against the other Defendants until the conclusion of any appeal in IPR2023-00480 and IPR2023-00481. Thus, on or before January 15, 2025, the parties shall meet and confer and submit a joint letter of five pages or less containing their respective positions on a global stay. The joint letter shall specifically identify any claim asserted from the 947 patent, 903 patent, 919 patent, and/or any other patent in the pleadings in Civil Action Nos. 23-1365, 23-655, and/or 23-39 that have not been dismissed by the parties and/or invalidated in IPR2023-00480 and/or IPR2023-00481 subject to the IPR Appeals.*

WHEREAS, on January 15, 2025, the parties filed their joint letter of five pages (D.I. 233) setting forth their respective positions on a global stay.

AND NOW, this 16th day of January 2025, having considered the parties' respective positions set forth in their joint letter (D.I. 233) and, in the interests of judicial economy, IT IS HEREBY ORDERED that this case is STAYED IN ITS ENTIRETY (including the trial previously scheduled to begin on January 27, 2025 and all remaining unresolved claims, counterclaims, and/or defenses asserted by Plaintiffs and/or Defendants in this action) until the conclusion of the IPR Appeals. The parties shall file a joint status report within thirty (30) days of any decision by the Federal Circuit in the IPR Appeals affirming and/or reversing the PTAB's invalidity finding with respect to the Asserted Claims, or any voluntary dismissal of the IPR Appeals. By entering this global stay, and under these specific circumstances, the Court is not tolling the Apotex Defendants' thirty (30) month statutory stay from receiving FDA approval of their ANDA product which is scheduled to expire on November 22, 2025. At the same time, the Court is not making or expressing any position on whether the Apotex Defendants could proceed with launching their ANDA product, without causing harm and/or being subject to potential

2

liability for any launch, after the expiration of the statutory stay on November 22, 2025, in the event there has been no final decision and/or final order entered by the Federal Circuit in the IPR Appeals as of any launch date.

_____
UNITED STATES DISTRICT JUDGE