IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK KGaA, MERCK SERONO SA, and ARES TRADING SA,<br><br>Plaintiffs,<br><br>v.<br><br>HOPEWELL PHARMA VENTURES, INC., et al.,<br><br>Defendants. | C.A. No. 22-1365-GBW-CJB |

## MEMORANDUM ORDER

Plaintiffs Merck KGaA, Merck Serono SA, and Ares Trading SA (collectively, "Plaintiffs" or "Merck") filed suit against Defendants Hopewell Pharma Ventures, Inc. ("Hopewell"), Aurobindo Pharma USA Inc., Aurobindo Pharma Limited, Apotex Inc., and Apotex Corp. (collectively, "Defendants").[1]  On December 23, 2024, the Court granted Hopewell's Emergency Motion to Stay the Case Pending Resolution of any Appeal of IPR2023-00480 and IPR2023-00481 (D.I. 196) (the "Emergency Motion to Stay"). *See* D.I. 223 at 1. On January 16, 2025, the Court stayed Merck's action against the remaining Defendants. *See* D.I. 236 at 2.[2]

Pending before the Court is Hopewell's Motion to Modify the Stay (D.I. 239) ("Hopewell's Motion"), which has been fully briefed (D.I. 239; D.I. 241; D.I. 242; D.I. 243). For the following reasons, the Court denies Hopewell's Motion. Since the Court was able to resolve Hopewell's

---

[1] Merck's individual actions against the Defendants were consolidated. *See Merck KGaA v. Hopewell Pharma Ventures, Inc.*, No. 22-1365-GBW-CJB, 2024 WL 2973034, at *1 n.1 (D. Del. June 13, 2024), *report and recommendation adopted*, No. CV 22-1365-GBW-CJB, 2024 WL 3967463 (D. Del. Aug. 28, 2024).

[2] The Court will refer to this stay as the "Hopewell Stay."

Motion without oral argument, the Court also denies-as-moot Hopewell's request for oral argument (D.I. 244).

## I. BACKGROUND

"Plaintiffs allege that Defendants have infringed [various patent] claims . . . by submitting their respective Abbreviated New Drug Applications [('ANDAs')] seeking approval to market generic versions of Plaintiffs' MAVENCLAD® product." 2024 WL 2973034, at *1; *see* D.I. 1 ¶ 1.

Hopewell filed successful inter partes review ("IPR") challenges against Merck's asserted patent claims. *See Hopewell Pharma Ventures, Inc. v. Merck Serono S.A.*, No. IPR2023-00480, Paper 62, 2024 Pat. App. LEXIS 3751 (P.T.A.B. Sept. 18, 2024); *Hopewell Pharma Ventures, Inc. v. Merck Serono S.A.*, No. IPR2023-00481, Paper 62, 2024 Pat. App. LEXIS 3752 (P.T.A.B. Sept. 18, 2024); *see also* D.I. 233 at 5; D.I. 197 at 1; D.I. 195 at 1.[3] As noted below, the Court stayed Merck's actions in light of Hopewell's successful IPR challenges.

### A.   Hopewell's Emergency Motion to Stay

On November 27, 2024, Hopewell filed its Emergency Motion to Stay. Therein, Hopewell "move[d] to stay this matter pending the resolution of any appeal of IPR2023-00480 and IPR2023-00481, in which the PTAB found the asserted claims [of] U.S. Patent Nos. 7,713,947 and 8,377,903 invalid as obvious." D.I. 196 at 1. In its accompanying opening briefing, Hopewell contended that "[t]he Court should grant a stay so that the parties and the Court can stop devoting

---

[3] "The Leahy–Smith America Invents Act, 35 U.S.C. § 100 *et seq.,* establishes a process called 'inter partes review.' Under that process, the United States Patent and Trademark Office (PTO) is authorized to reconsider and to cancel an issued patent claim in limited circumstances." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 328-29 (2018); *see SNIPR Techs. Ltd. v. Rockefeller Univ.*, 72 F.4th 1372, 1381-82 (Fed. Cir. 2023). "[O]nce a claim is already and finally held unpatentable as a result of an IPR, the claim is subject to a wholly ministerial, inevitable, unreversible cancellation." *Kroy IP Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1381 (Fed. Cir. 2025).

resources to a case in which no trial is necessary." D.I. 197 at 1; *see id.* at 2 ("[A] stay is appropriate despite the late stage of the litigation because there are no issues left to litigate.").

Merck opposed Hopewell's Emergency Motion to Stay. *See* D.I. 205 at 2. Merck alternatively requested that "if the Court were to stay the trial, it should at a minimum toll Hopewell's statutory 30-month stay under 21 U.S.C. § 355(j)(5)(B)(iii) for the pendency of the litigation stay." *Id.* According to Merck, Hopewell's Emergency Motion to Stay was "itself a failure to cooperate in the expeditious resolution of this litigation and thus sufficient reason to toll the statutory stay." *Id.* at 4. This was so, according to Merck, because "Hopewell simply cannot simultaneously cooperate in the expeditious resolution of this litigation and request a stay of the same litigation." *Id.* at 5. Merck also contended that "a tolling of the statutory stay period comports with the statutory scheme of the Hatch-Waxman Act." *Id.* Hopewell disagreed.

Hopewell responded that there was no "basis for extending the 30-month stay of FDA approval of Hopewell's ANDA." D.I. 207 at 2. According to Hopewell, its "request for a stay to avoid the burden and expense of an unnecessary trial cannot be fairly characterized as a 'failure to cooperate in the expeditious resolution of th[e] litigation.'" *Id.* (alteration in original) (quoting D.I. 205). Hopewell also contended that it "will certainly be prejudiced if the FDA determines Hopewell's ANDA is in condition for approval, but the agency is not free to grant final approval because of an injunction based on invalid patent claims." *Id.*

On December 23, 2024, the Court granted Hopewell's Emergency Motion to Stay. D.I. 223 at 1. The Court also granted Merck's alternative request for tolling. *See id.* ("[P]ursuant to 21 U.S.C. § 355(j)(5)(B)(iii), the thirty (30) month statutory stay of FDA approval of Hopewell's ANDA product is tolled during the pendency of the litigation stay.").

B.  **The Global Stay**

Considering the overlap between Merck's actions against the Defendants, on January 10, 2025, the Court informed the parties that "unless good cause is shown, the Court w[ould], for purposes of judicial efficiency, impose a global stay that includes Plaintiffs' actions against the other Defendants until the conclusion of any appeal in IPR2023-00480 and IPR2023-00481." D.I. 232. Merck responded that "[f]or the purposes of judicial efficiency, Plaintiffs do not oppose a global stay." D.I. 233 at 1. Apotex Inc. and Apotex Corp. (collectively, "Apotex") opposed a global stay, at least without additional provisos. *Id.* at 1, 5.

Apotex responded that "if Apotex can approach the [C]ourt following a favorable decision in the IPR appeals and request that its 30-month stay be lifted, without waiting for a mandate, Apotex would be amenable to a global stay." *Id.* at 5. Apotex also responded that "[s]hould the Court determine a stay is appropriate, Apotex's 30-month stay should not be tolled or otherwise extended." *Id.* at 5 n.5 ("Unlike Hopewell, Apotex has not requested a litigation stay, and there is therefore no basis to toll or extend its 30-month stay.").

On January 16, 2025, the Court sua sponte ordered a global stay. *See* D.I. 236 at 2. "By entering th[e] global stay . . . the Court [did] not toll[] the Apotex Defendants' thirty (30) month statutory stay from receiving FDA approval of their ANDA product." *Id.*

II.  **LEGAL STANDARDS**

A.  **Inherent Authority to Stay Actions**

"[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin.*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626 (1962)). "[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket...." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (alterations in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)); *see Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) ("The ability to stay cases is an exercise of a court's inherent power to manage its own docket.").

"District courts do ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citation omitted). "When determining whether to grant or deny a motion to stay, a district court must exercise judgment by 'weigh[ing] competing interests and maintain[ing] an even balance.'" *Tyler v. Diamond State Port Corp.*, 816 F. App'x 729, 731 (3d Cir. 2020) (quoting *Landis*, 299 U.S. 248).

"In determining if a stay is appropriate in the first instance, the court generally looks to the following factors: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'"[4] "Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test." *Murata*, 830 F.3d at 1362. "In later determining whether to lift a stay, the court considers any new developments that might have altered the aforementioned stay calculus."[5]

---

[4] *Fifth Mkt., Inc. v. CME Grp., Inc.*, No. CIV.A. 08-520-GMS, 2013 WL 3063461, at *1 n.1 (D. Del. June 19, 2013) (quoting *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-CV-363 GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012)); *see Ferrari v. Forbes Media LLC*, No. CV 25-12-GBW, 2025 WL 860064, at *3 (D. Del. Mar. 19, 2025); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2020 WL 419448, at *2 (D. Del. Jan. 27, 2020); *Murata*, 830 F.3d at 1361.

[5] *Fifth Mkt.*, 2013 WL 3063461, at *1 n.1; *see IOENGINE*, 2020 WL 419448, at *2.

## III. DISCUSSION

In its own words, "Hopewell does not seek reconsideration or argue that the Court erred in issuing th[e]" Hopewell Stay. D.I. 243 at 1. Instead, Hopewell requests that, in light of "subsequent developments" (*id.*), the Court modify the Hopewell Stay Order (D.I. 223) to negate the following language: "pursuant to 21 U.S.C. § 355(j)(5)(B)(iii), the thirty (30) month statutory stay of FDA approval of Hopewell's ANDA product is tolled during the pendency of the litigation stay." D.I. 223 at 1; *see* D.I. 239 at 7.[6]

"When a court has imposed a stay, but 'circumstances have changed such that the court's reasons for imposing [that] stay no longer exist or are inappropriate,' the court [] has the inherent power and discretion to lift [or modify] the stay." *Dermafocus LLC v. Ulthera, Inc.*, No. CV 15-654 (MN), 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2018) (some alterations in original) (quoting *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. CV 12-1461-LPS-CJB, 2015 WL 219019 (D. Del. Jan. 14, 2015)). "On the other hand, 'where there are no new circumstances that impose hardship on the [movant] or that change the court's earlier disposition imposing the stay, the [movant]'s motion to lift [or modify] the stay should be denied.'" *Id.* (quoting 2015 WL 219019).

As the party seeking to modify the Hopewell Stay, Hopewell carries the burden. *See Eli Lilly & Co. v. Accord Healthcare Inc., USA*, No. 1:14-cv-00389-SEB-TAB, 2016 WL 10490471, at *1-2 (S.D. Ind. Mar. 25, 2016). As explained below, Hopewell has not carried its burden and the Court denies Hopewell's Motion.

---

[6] The Court will refer to the preceding disputed language as the "Tolling Order."

### A.     The Court Denies Hopewell's Motion

Hopewell contends that "[i]n the peculiar circumstances of this case, the tolling of the Hopewell [S]tay, particularly when combined with the lack of tolling of the Apotex stay, is highly prejudicial to Hopewell." D.I. 239 at 1.[7] This is so, according to Hopewell, because "there is a substantial risk that tolling the 30-month stay will obliterate any competitive advantage that Hopewell gained by filing its ANDA early and by prosecuting IPRs." *Id.* at 2. Hopewell contends that its competitive advantage is at risk "in three interrelated ways." *Id.* at 1. As discussed below, the Court finds that Hopewell has not carried its burden to establish that the Court should modify the Hopewell Stay to remove the Tolling Order. *See Eli Lilly*, 2016 WL 10490471, at *1-2.

Hopewell contends that the Tolling Order should be lifted, (a) because "the FDA will delay its decision on whether Accord's[8] 180-day exclusivity blocks final approval of Hopewell's ANDA," and (b) because "tolling creates opportunities for Merck to delay Hopewell's final approval, possibly until after the patents have expired." D.I. 239 at 2 (capitalization and emphasis altered) (first quote), 6 (capitalization and emphasis altered) (second quote). Merck responds that the preceding contentions fail, because they were raised, or could have been raised, during the briefing on Hopewell's Emergency Motion to Stay. *See* D.I. 241 at 6. Accepting Hopewell's

---

[7] Hopewell tacitly contends, without any explanation, that such prejudice by itself is grounds for modifying a stay order. "Thus . . . [Hopewell's] reasoning is somewhat enthymematic, relying on premises both stated and assumed, and such reasoning will only lead to a correct conclusion if the assumed and stated premises are also correct." *In re Martin*, 91 F.3d 389, 395 n.3 (3d Cir. 1996) (internal quotation marks omitted); *see Ammar v. McDonough*, No. CV 22-1608-GBW, 2025 WL 692084, at *9 (D. Del. Mar. 4, 2025) (rejecting contention that lacked legal support).

[8] According to Hopewell, Accord is "another generic drug company" and "filed the first ANDA for a generic version of Merck's cladribine product." D.I. 239 at 2.

representation that its "present motion [does not] rehash[] old arguments", D.I. 243 at 2, Hopewell has not provided a colorable argument in opposition to Merck's counterpoint.

"The Third Circuit has regularly held that parties forfeit arguments not sufficiently argued at an appropriate earlier stage." *Trackthings LLC v. Netgear Inc.*, No. CV 22-981-RGA, 2023 WL 5993186, at *2 (D. Del. Sept. 15, 2023). In this instance, "the Court concludes that [Hopewell] clearly waived or forfeited th[ese] argument[s] by not making [them] in the briefing" on Hopewell's Emergency Motion to Stay. *Satius Holding, Inc. v. Samsung Elecs. Co.*, No. CV 18-850-CJB, 2024 WL 5090284, at *4 (D. Del. Dec. 12, 2024). Hopewell's preceding concerns regarding the FDA and Merck are not based on "new, unforeseeable events to cause the Court to depart from the path that was set when the stay was imposed." *Zoll Med. Corp. v. Respironics, Inc.*, No. CV 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015).

Hopewell also contends that (c) "tolling Hopewell's 30-month stay without also tolling Apotex's erodes Hopewell's early filer advantage." D.I. 239 at 5 (capitalization and emphasis altered). Apotex and Merck both respond to the preceding contention. Apotex responds that "[i]n seeking a stay of its litigation, Hopewell gave up control of (and its right to) obtaining a favorable outcome before Apotex." D.I. 242 at 3. Merck responds that "Hopewell's arguments regarding Apotex could have been made when Hopewell initially requested a stay and argued that tolling the 30-month stay pending resolution of the IPR appeal was not warranted." D.I. 241 at 6.

Merck also responds that the Court's decision not to toll the stay against Apotex did not change the anticipated expiration date of Apotex's stay. *See id.* at 8 ("Before and after Hopewell's motion to stay the case against it, Apotex's 30-month statutory stay was set to expire in November 2025. That date has remained the same from the time that Hopewell first requested a stay through now.") (citation omitted). Hopewell has not provided a colorable argument in opposition to this

counterpoint. *Cf. Progressive Sterilization, LLC v. Turbett Surgical LLC*, No. CV 19-627-CFC, 2020 WL 3071951, at *2 (D. Del. June 10, 2020) ("As the [c]ourt noted in *Hardy*, '[i]n an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which decision will be based, the failure to reply to an adversary's point can have serious consequences.'") (some alterations in original) (quoting *Hardy v. City Optical Inc.*, 39 F.3d 765 (7th Cir. 1994)). Thus, in this instance, the Court finds that the global stay (D.I. 236) is not a "new, unforeseeable event[] to cause the Court to depart from the path that was set when the stay was imposed." *Zoll*, 2015 WL 4126741, at *1.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that "there are no new circumstances that impose hardship on [] [Hopewell] or that change the [C]ourt's earlier disposition imposing the stay." *Dermafocus*, 2018 WL 5113960, at *2 (quoting *Princeton Digital*, 2015 WL 219019). As Hopewell has not carried its burden to establish that the Court should modify the Hopewell Stay to remove the Tolling Order, the Court denies Hopewell's Motion. *See Dermafocus*, 2018 WL 5113960, at *2; *Eli Lilly*, 2016 WL 10490471, at *1-2.[9]

\* \* \*

WHEREFORE, at Wilmington this twenty-fourth day of March 2025, **IT IS HEREBY ORDERED** that Hopewell's Motion (D.I. 239) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[9] Given that the Court ultimately denies Hopewell's Motion, the Court will exercise its discretion and will not make findings on Merck's alternative contentions or Apotex's alternative contentions. *Cf. Ammar*, 2025 WL 692084, at *17 n.23.

9